UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    16-cr-20887-SCOLA

UNITED STATES OF AMERICA

v.

DAMON COLEMAN

        **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO THE**
**STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Any statements made by the Defendant are encompassed in BATES Stamped DAMON COLEMAN 0001-0636 and COLEMAN CD 001-030.

    2.  The Defendant did not make any post arrest statements.

    3.  No defendant testified before the Grand Jury.

    4.  The Defendant does not have a criminal record.

    5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to the defendant are available for inspection at the United States Attorney's Office.

       The BATES stamped documents provided in discovery are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.  The United States respectfully requests defense counsel arrange a mutually convenient time to view all physical evidence in this case.  The physical evidence can be viewed at the United States Attorney's Office located at 99 NE 4th Street, Suite 600, in Miami, Florida.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

1. Books, papers, documents, photographs or tangible objects, which the defendant intends to introduce as evidence-in-chief at trial.
2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which the defendant intends to introduce as evidence-in-chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof; and
3. If the defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease or other mental condition bearing on guilt, he shall give written notice thereof to the government.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The Government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The Government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. At this time, Defendant Jocelyn is the only Defendant known to have been identified and captured on surveillance video.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case-in-chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under rule 404(b) evidence

2

        underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

        The government is hereby providing notice of its intent to introduce during its case-in-chief proof of evidence pursuant to F.R.E. 404(b). Specifically, the Government intends to call witnesses that the Defendant is alleged to have sexually assaulted during the time that he worked at the Federal Detention Center, in Miami, Florida. The government has provided in its BATES Stamped attachment DAMON COLEMAN 0001-0636, summaries of disciplinary reports and records related to other allegations of sexual misconduct. BATES Stamped DAMON COLEMAN 0119-0131.

I.        The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.        Any Grand Jury testimony is transcribed.

K.        Contraband is not involved in this indictment.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        The government is not aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. The government is aware of DNA evidence that has linked the defendant to this offense and the DNA laboratory report is attached at BATES stamped DAMON COLEMAN 0441-0459.

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.        All documents available were previously provided to defendant's counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

    In addition to the request made above by the government pursuant to both, Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in

accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense. The approximate time, date, and place of the offense was:

        Time: See Indictment
        Date: See Indictment
        Place: See Indictment

BATES Stamped DAMON COLEMAN 0001-0636 and BATES Stamped COLEMAN CD 0001-0030 are attached.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:   s/Breezye Telfair
      BREEZYE TELFAIR
      Assistant United States Attorney
      Florida Bar No. 18055
      99 Northeast 4th Street, Suite 605
      Miami, Florida 33132-2111
      Tel: (305) 961-9168
      Fax: (305) 536-4699
      breezye.telfair@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on December 15, 2016.

        s/Breezye Telfair
        Assistant United States Attorney