UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20887-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMON COLEMAN,

    Defendant.

_____/

**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Defendant Damon Coleman ("Coleman"), by and through the undersigned counsel, hereby files his Objections to the Presentence Investigation Report, and in support thereof states:

**OFFENSE CONDUCT**

    **PARAGRAPH 6**

Mr. Coleman vehemently objects to the characterization of the sexual contact with E.C. which was completely consensual and supported by other evidence obtained by the government, including witness interviews, letters, and surveillance videos. The sexual allegations only arose weeks later because of a complaint from inmate M.L that there "was a rumored personal relationship existing between Officer Coleman and inmate E.C." PSI, at ¶ 5.

    **PARAGRAPH 9**

This is a false statement. E.C. is often on camera speaking to Coleman both in her cell and in his office.

### PARAGRAPHS 10 & 13

E.C. wrote love letters to Mr. Coleman including after the alleged incident. Two weeks after the incident Mr. Coleman responded to her in a letter since she was upset that he had forgotten about her.

### PARAGRAPH 15

This is a false statement. Inmate C.H observed E.C. topless while Coleman was outside the door, and she would often flash her breasts.

### PARAGRAPH 17

Mr. Coleman vehemently objects to the characterization of the sexual contact with E.C. which was completely consensual and supported by other evidence obtained by the government, including witness interviews, letters, and surveillance videos. The sexual allegations only arose weeks later because of a complaint from inmate M.L that there "was a rumored personal relationship existing between Officer Coleman and inmate E.C." PSI, at ¶ 5.

### PARAGRAPH 32

Mr. Coleman vehemently objects to the characterization of the sexual contact with E.C. which was completely consensual and supported by other evidence obtained by the government, including witness interviews, letters, and surveillance videos. The sexual allegations only arose weeks later because of a complaint from inmate M.L that there "was a rumored personal relationship existing between Officer Coleman and inmate E.C." PSI, at ¶ 5.

### PARAGRAPH 58

Ms. Coleman is a per diem employee and does not make $16,156 a month as that number grossly inflates her earnings.

**PARAGRAPHS 77-82 & 84-85**

Mr. Coleman vehemently denies that he committed any of the acts set forth in these paragraphs.  Had he even been remotely involved in this incidents he would have been removed as a Correctional Officer and/or suspended, reprimanded or demoted.  None of these allegations had any indicia of truthfulness.

    Respectfully submitted,

/s/ Marc David Seitles
Marc David Seitles
Fla. Bar No. 0178284

**Seitles & Litwin, P.A.**
Courthouse Center
40 N.W. 3rd Street, Penthouse One
Miami, FL 33128
Tel: (305) 403-8070
Fax: (305) 403-8210
Email: mseitles@seitleslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2017, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to: Assistant United States Attorney Edward Stamm.

/s/ Marc David Seitles
Marc David Seitles, Esq.